UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

        *Plaintiff*,

  -against-

MARCUS A. ROGERS,

        *Defendant*.
----------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

10-cv-3181(KAM)

**MATSUMOTO, United States District Judge**:

      Plaintiff United States of America ("plaintiff") commenced this action seeking payment for the indebtedness of defendant Marcus A. Rogers ("Rogers" or "defendant"). (See ECF No. 1, Complaint, dated 7/7/2010 ("Compl.") at ¶¶ 3, 7.) Presently before the court is plaintiff's unopposed motion for default judgment against defendant Rogers. (ECF No. 4, Motion for Default and Final Judgment, dated 11/24/2010 ("Default Mot.") at 1.) For the reasons set forth below, plaintiff's motion for default judgment is granted. The court, however, will conduct an inquest to determine the appropriate amount of damages, if any, that should be awarded to plaintiff.

**I. BACKGROUND**

      Plaintiff filed the instant complaint against Rogers on July 13, 2010. (See generally Compl.) Service of process was effected on September 30, 2010 at defendant's residence by leaving a copy of the summons and complaint with a Jane Doe

occupant. (ECF No. 3, Affidavit of Service dated 10/1/2010.) The complaint alleges that between May 4, 1984 and May 10, 1988, defendant executed promissory notes to secure six loans from Marine Midland Bank (the "Marine loans"). (See Compl., Ex. A.) These six Marine loans were disbursed in the total amount of $13,000 on February 10, 1987, at an interest rate of 9.00 percent per annum. (Id.) The complaint further alleges that between October 10, 1984 and September 10, 1987, defendant executed promissory notes to secure four loans from Long Island University (the "University loans"). (Id. at Ex. B.) The loans totaled $1,600 and were disbursed at an interest rate of 5.00 percent per annum. (Id.) Plaintiff attached to the complaint two Certificates of Indebtedness ("COI") prepared by the United States Department of Education as evidence of the debt allegedly owed by Rogers. (Id. at Exs. A-B.) Plaintiff alleges that "[d]emand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same." (Id. at ¶ 7.)

On November 29, 2010, plaintiff filed a motion for default judgment, alleging that defendant "has not answered [the complaint], although duly summoned in the manner and for the length of time prescribed by law." (Default Mot. at 1.) Subsequently, the court requested that plaintiff submit supporting evidentiary documents referenced in the two COIs to

support its request for default judgment and damages. (See Order dated 6/1/2011.) In response, on June 22, 2011, plaintiff filed a declaration by Alberto Francisco, Loan Analyst for the United States Department of Education, along with some supporting documentation regarding the alleged debt. (See ECF No. 7, Plaintiff's Letter, dated 6/22/2011 ("6/22/11 Letter") at 1; ECF No. 7-1, Declaration of Alberto Francisco ("Francisco Decl."); ECF No. 7-2, Exhibits to Francisco Declaration.)

## II. DISCUSSION

### A. Standard for Default Judgment

The Federal Rules of Civil Procedure have prescribed procedural steps for entering a default judgment. See Fed. R. Civ. P. 55. The procedure "following a defendant's failure to plead or defend as required by the [Federal Rules of Civil Procedure] begin with the entry of a default by the clerk upon a plaintiff's request." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages,

3

judgment by default may be entered by the court . . . ." Meehan, 652 F.2d at 276.

Although "a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Gragg v. Int'l Mgmt. Grp. (UK), Inc., No. 5:03-CV-904, 2009 WL 1140490, at *2 (N.D.N.Y. Apr. 24, 2009) (same). "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound, 973 F.2d at 158. "In determining the award of damages in a default judgment," courts will once again look to Federal Rule of Civil Procedure 55. Gragg, 2009 WL 1140490, at *2. Rule 55 states that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate a judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit has held that allegations in the complaint and the affidavit of plaintiff's counsel "asserting an amount of damages sustained by plaintiff . . . [were]

4

insufficient evidence upon which to enter the amount of the judgment." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-55 (2d Cir. 1999). "'Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" Gragg, 2009 WL 1140490, at *2 (quoting Credit Lyonnais, 183 F.3d at 154-55).

**B. Application**

As a threshold matter, defendant has not attempted to defend himself in the present action. Based on the evidence in the docket, this court believes that defendant has had sufficient notice of the present litigation. On September 30, 2010, a true copy of the summons and complaint was left with a person of suitable age and discretion at the residence of defendant. (See ECF No. 3, Affidavit of Service, dated 10/1/2010 at 1.) A copy of the summons and complaint was also mailed to defendant on October 1, 2010. (Id.) On November 24, 2010, plaintiff served the instant motion for default judgment and supporting papers, by post, at the residence of defendant. (See ECF No. 4-5, Certificate of Service, dated 11/24/2010.) The court, therefore, finds that defendant has willfully and deliberately failed to plead or defend its interest in this

5

action.  Accordingly, a default judgment will be entered against defendant Rogers.

The court finds, however, that plaintiff has provided insufficient evidence upon which to base an award of damages. The additional evidentiary documents submitted by plaintiff fail to provide the interest rates for three of the Marine loans, for which promissory notes were executed on May 10, 1988, January 9, 1987, and August 18, 1985.  (See Ex. A to Francisco Decl.) Plaintiff has provided only a summary report of disbursements for the Marine loans.  (See Ex. B to Francisco Decl.)  Finally, plaintiff has failed to provide the court with any disbursement information regarding the University loans, or with any information regarding payments made by Rogers on the Marine or University loans.  The court, therefore, finds that plaintiff has failed to provide sufficient evidence from which the court can determine damages.  Thus, the court will hold an inquest to determine the appropriate amount of damages.  See Gragg v. Int'l Mgmt. Grp. (UK), Inc., 03-CV-904, 2008 WL 2705366, at *2-*3 (N.D.N.Y. July 1, 2008).
/
/
/
/
/

## III. CONCLUSION

For the forgoing reasons, the court hereby grants plaintiff's motion for default judgment as against defendant. A damages inquest will be held on July 21, 2011 at 2:30 p.m. Plaintiff is directed to serve a copy of this memorandum and order on defendant and file a declaration of service by July 15, 2011.

**SO ORDERED.**

Dated: July 14, 2011
        Brooklyn, New York

                                        /s/
                              **Kiyo A. Matsumoto**
                              United States District Judge
                              Eastern District of New York